UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNAUD CAMMAS,<br><br>Plaintiff,<br><br>v.<br><br>YMCA OF EAST BAY, et al.,<br><br>Defendants. | Case No.  25-cv-10295-RFL<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND DENYING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 12, 26 |

Plaintiff's motion for leave to file first amended complaint is **GRANTED**.  Courts consider six factors in deciding whether to permit leave to amend:  (1) undue delay; (2) bad faith; (3) dilatory motive; (4) repeated failure to cure deficiencies through previously allowed amendments; (5) undue prejudice to opposing parties; and (6) futility of amendment.  *See Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020).  "Not all of the factors merit equal weight. . . .  [I]t is the consideration of prejudice to the opposing party that carries the greatest weight."  *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted).  Ultimately, "[r]equests for leave to amend should be granted with extreme liberality."  *Brown*, 953 F.3d at 574 (citation and quotation marks omitted).

Defendants argue that the futility and prejudice factors require denial of the motion.  Their futility argument effectively asks the Court to rule on the sufficiency of the claims in Plaintiff's proposed amended complaint.  "Denial based on this factor is rare, and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.  Deferral is appropriate here, as an analysis of the merits of [Plaintiff's] proposed amended claims is better suited to its own fully briefed motion."  *Iovance Biotherapeutics, Inc. v. Fed. Ins. Co.*, No. 25-cv-00040-RFL,

1

2025 WL 2426830, at *2 (N.D. Cal. Aug. 22, 2025) (citations and quotation marks omitted).

As for prejudice, Defendants essentially argue that Plaintiff's proposed amendments would:  (1) expand the dispute from a relatively small set of allegations to one involving newly added defendants, causes of action, and over a hundred new paragraphs of allegations; and (2) require Defendants to undertake new litigation burdens, including modifying their defense and obtaining additional discovery.  That argument does not provide a sufficient basis to preclude amendment at this early stage of the case.  The only substantive events that have occurred are the filing of the original complaint in November 2025, the filing of a motion to dismiss in February 2026, and the filing of the instant motion seeking leave to amend less than a month later.  (*See* Dkt. Nos. 1, 12, 26.)  Discovery has not commenced.  No substantive orders have issued.  And no case schedule has been set.  Under these circumstances, permitting amendment would not prejudice Defendants in any significant way.  *See, e.g.*, *Doe (K.B.) v. Backpage.com, LLC*, 724 F. Supp. 3d 882, 885 (N.D. Cal. 2024).  Defendants' cited authorities do not counsel otherwise.  *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989) (leave to amend sought after two motions to dismiss already granted); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave to amend sought "at a late hour"); *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (leave to amend sought "on the eve of the discovery deadline"); *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (leave to amend would require "reopen[ing] discovery").

Accordingly, Plaintiff's proposed amended complaint (Dkt. No. 25) is now the operative complaint, and the pending motion to dismiss (Dkt. No. 12) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: March 31, 2026

RITA F. LIN
United States District Judge

2